UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| LOUISIANA REAL ESTATE APPRAISERS BOARD | CIVIL ACTION |
|---|---|
| VERSUS | |
| UNITED STATES FEDERAL TRADE COMMISSION | NO.:19-CV-00214-BAJ-RLB |

## RULING AND ORDER

Before the Court is Petitioner's **Motion to Stay Administrative Proceedings (Doc. 9-1 at p. 1)**. Defendants oppose this motion. (Doc. 23-2). Oral argument is not required. For the reasons stated herein, Petitioner's motion is GRANTED.

I. BACKGROUND

This matter arises from allegations that the United States Federal Trade Commission ("FTC" or "Defendant") is unlawfully attempting to force the Louisiana Real Estate Appraisers Board ("Board" or "Petitioner") to undergo federal antitrust enforcement proceedings. (Doc. 1 at ¶ 1). The Board is a state governmental regulatory agency empowered to regulate appraisal management companies which secure appraisals that support residential mortgage transactions. *See* La. Stat. Ann. § 37:3394, *et seq*. (Doc. 9-1 at p. 3). The Board is also empowered to collect "customary and reasonable" fees for the agents of mortgage lenders. (*Id.*).

1

On or about May 30, 2017, the FTC filed an administrative complaint against the Board, alleging that setting certain "customary and reasonable" fees for mortgage lenders' agents violated certain federal antitrust rules (Doc. 1 at par. 4). In particular, the FTC alleges that the Board is controlled by active market participants, not the state, and that the manner in which fees are set amounts to unlawful price fixing. (Doc. 1 at ¶ 4). In response to the complaint, the Governor's Office issued Executive Order 17-16, which re-promulgated the manner in which fees are fixed.[1] The Board moved for a dismissal of the administrative complaint based on its assertation that the alleged impropriety identified by the FTC had been rectified. (*Id.*). The Board claimed that all branches of Louisiana government accepted a supervisory role and "political accountability" for the alleged anti-competitive practices cited by the FTC, as required under *N.C. S. Bd. of Dental Exam'rs v FTC*, 135 S.Ct. 1101, 1111 (2015), and that it is therefore entitled to be relieved from participation in the administrative proceedings on the basis of the "state-action immunity" defense. (Doc. 1 at ¶ 5). State-action immunity from suit is applicable when a state establishes that anticompetitive conduct is created, overseen, and guided by the state, without the influence or control of parties who have not been conferred regulatory powers by the state. *F.T.C. v. Phoebe Putney Health Sys., Inc.*, 568 U.S. 216, 225 (2013). To qualify for state-action

---

[1] La. Admin. Code tit. 46 § 31101.

immunity, a state must establish that the anticompetitive act is a clearly articulated state policy, and that such activity is actively supervised by the state.[2] (Id.).

On April 10, 2018, the FTC issued an order ("FTC Order") rejecting the Board's state-action immunity defense. (Id. at ¶ 6). The Board then filed a lawsuit requesting that the Court set aside the FTC Order on the grounds that it was issued in an arbitrary and capricious manner. (Id. at ¶ 9).

Initially, the Board filed a petition for review of the FTC Order before the United States Court of Appeals for the Fifth Circuit, claiming that the FTC Order was an appealable collateral order under the FTC Act.[3] (Doc. 9-1 at p. 14). The Fifth Circuit granted the Board's request to stay administrative proceedings pending appellate review, but ultimately found that the FTC Act did not allow direct appeals from collateral orders. (Id.). The Fifth Circuit opined that the "final agency action" language of the Administrative Procedure Act ("APA")[4] may allow a district court to review the FTC Order prior to the final administrative adjudication of the action. *Louisiana Real Estate Appraisers Bd. v. Fed. Trade Comm'n*, 917 F.3d 389, n.3 (5th Cir. 2019). Following the Fifth Circuit ruling, the Board moved for rehearing *en banc*,

---

[2] "Maintaining state-action immunity from administrative proceedings requires more than a mere facade of state involvement, for it is necessary . . . to ensure the States accept political accountability for anticompetitive conduct they permit and control." *N. Carolina State Bd. of Dental Examiners v. F.T.C.*, 135 S. Ct. 1101, 1111 (2015).

[3] 15 U.S.C. § 45 provides "Any person, partnership, or corporation required by an order of the [Federal Trade] Commission to cease and desist from using any method of competition or act or practice may obtain a review of such order in the court of appeals of the United States.

[4] 5 U.S.C. § 551, *et seq*.

3

and urged the FTC to stay its administrative proceeding pending a resolution of the petition. (Doc 9-1 at p. 14.). The Fifth Circuit denied rehearing, and the FTC denied Petitioner's request to stay the administrative proceedings. (*Id.*). The Board now seeks relief under the APA to stay the FTC administrative proceedings until such time as this Court completes a review of the merits of the FTC Order. (Doc. 1).

## II. LEGAL STANDARD

### A. Jurisdiction

The Code of Federal Regulations gives the FTC and a court of competent jurisdiction the power to stay an administrative proceeding. 16 C.F.R. § 3.41 (f)(1)(i). Additionally, Section 705 of the APA allows a reviewing court to "issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings." 5 U.S.C. § 705.

The Supreme Court of the United States found that the term "court of competent jurisdiction" is any state or federal court already endowed with subject-matter jurisdiction over the suit. "*Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 561 (2017).

### B. Administrative Procedure Act

The APA provides:

[a]gency action[s] made reviewable by statute[,] and final agency action[s] for which there is no other adequate remedy in a court[,] are

4

subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review [only] on the review of the final agency action. 5 U.S.C. § 704.

Thus, under normal circumstances, agency actions are only reviewable at such time as the agency action is finalized. (Id.).

### C. Appeal from a Collateral Order

The Supreme Court has recognized a narrow exception under the APA for the review of administrative decisions which have not yet been made final but for which justice requires interlocutory review. *See Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949). This narrow exception allows collateral reviews of administrative orders that (1) conclusively determine the disputed question, (2) resolve an important issue separate from the merits of the action, and (3) are effectively unreviewable on appeal from a final judgment. (Id.).

### D. Stay Factors

To grant a stay of an administrative proceeding, a court must consider (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits, (2) whether the applicant will be irreparably injured absent a stay, (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding, and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

## III. DISCUSSION

This Court is a "court of competent jurisdiction" pursuant to the Supreme Court's ruling in *Lightfoot,* and thus, has jurisdiction to consider this matter. Further, federal question jurisdiction under 28 U.S.C. § 1331 is applicable here. Having established that the Court *may* issue a stay of the administrative proceeding, the Court now turns to whether doing so is warranted in this case.

### A. The FTC Order is Appealable

When this matter was reviewed by the Fifth Circuit, that Court opined that the test set forth in *Cohen* is applicable to some administrative decisions that dismiss certain affirmative defenses, but do not end the litigation. *Louisiana Real Estate Appraisers Bd. v. Fed. Trade Comm'n,* 917 F.3d 389, 392 (5th Cir. 2019). The Fifth Circuit ultimately concluded that the FTC Act only provided courts of appeals with jurisdiction to review "cease and desist" orders. However, it left open the door for Petitioner to bring a claim in the district court by appealing the FTC Order under the APA (*Id.* at n. 3). The FTC claims that this Court does not have jurisdiction under the APA because the FTC Order was not a "final agency action." (Doc. 22-3 at pp. 5-6).

This Court's jurisdiction under the APA is not limited to "cease and desist" orders; rather, the Act allows challenges to "agency action[s] made reviewable by statute and final agency action[s] for which there is no other adequate remedy [. . .]" 5 U.S.C. § 704. Therefore, should this Court find that the challenged agency action

meets the test set forth in *Cohen*, an interlocutory ruling may be entered in the case. The Court will now consider each of the *Cohen* factors in turn.

### 1. Did the FTC Order Conclusively Determine the Disputed Question of Petitioner's Immunity from Administrative Action?

The FTC Order completely bars Petitioner's state-action immunity defense. (Doc. 9-2 at pp. 25). Although this denial was not dispositive of the entire case, the Fifth Circuit has ruled that there is no requirement that the challenged decision be the final decision in the entire case. Because the FTC Order conclusively answers the question of whether Petitioner is entitled to immunity from the FTC's administrative proceedings, the Court finds that Petitioner has established the first of the *Cohen* requirements.

### 2. Did the FTC Order Resolve an Important Issue Separate from the Merits of the Underlying Action?

The FTC Order only addresses two of Petitioner's many affirmative defenses and does not involve all of the merits of the underlying case. Because the FTC Order is severable from the rest of the case, the Court finds that Petitioner has established the second of the *Cohen* requirements.

### 3. Is the Denial of Immunity Unreviewable on Appeal from the Final Judgment?

In *Mitchell v. Forsyth*, 472 U.S. 511, 512 (1985), the Supreme Court found that the denial of qualified immunity was similar to the denial of absolute immunity, and that both are effectively lost if a case is erroneously allowed to proceed to trial. As noted, the Supreme Court reasoned that because immunity involves the entitlement

7

to not stand trial *at all* under certain circumstances, should the case erroneously proceed to trial, such privilege would already have been lost and is inherently unrecoverable. (*Id.*). Here, the FTC Order dismissed the Board's immunity defense, similar to the defense presented in *Mitchell*. Accordingly, petitioner has established the third and final *Cohen* factor.

## B. The Court Shall Stay the Administrative Proceeding

Having satisfied the jurisdictional prerequisites, the Court must now consider the four "stay factors" set forth in *Hilton*, 481 U.S. at 776. The FTC claims that Petitioner cannot meet any of the *Hilton* factors. (Doc. 22-3 at pp. 11-19). The Court will nonetheless consider each factor in turn.

### 1. *The Likelihood of Success on the Merits*

To assess the likelihood of success on the merits of a claim, the Court must consider the standards of the substantive laws applicable to the matter. *Janvey v. Alguire*, 647 F.3d 585, 596 (5th Cir. 2011). The Board asserts that the question of whether a state may maintain state-action immunity is whether the state will accept "political accountability for the anticompetitive conduct they permit and control." *Dental Exam'rs*, 135 S.Ct. at p. 1111. The Board claims that it has made a strong showing that Louisiana's legislative and executive branches have accepted political responsibility for changing the challenged anti-competitive conduct. (Doc. 23-2 at p. 7). The Board points to its own opening brief wherein it asserted that the State of

Louisiana purposefully set uniform fees, and that the conduct identified by the FTC has been rectified through legislative, executive, and judicial oversight. (*Id.*).

Without reaching the merits of this matter, the Court finds that the Board has made an acceptable showing that the State has exercised sufficient oversight over, and accepted responsibility for, the actions identified by the FTC. The first *Hilton* factor has been established.

### 2. *Irreparable Injury Absent a Stay*

The Board argues that should a stay not be granted, its immunity from administrative proceedings would be lost, at which point the harm would be impossible to redress post trial. (Doc. 23-2 at p. 6). The Board further argues that disallowing the stay would cause harm to the State by distracting state officials and curtailing Louisiana's ability to make and enforce policies that it deems beneficial and that are responsive to the FTC's claims. (*Id.*).

The Court agrees, and finds that the abrogation of immunity itself, if improvidently done, may cause irreparable harm by forcing the State to engage in activities from which it might otherwise be protected, such as an unlawful enforcement order. The second *Hilton* factor has been met.

### 3. *Substantial Injury to the Public or Other Parties Interested in the Proceedings*

The Board contends that no party will be harmed if the Court grants the stay, as it will refrain from enforcing La. Admin. Code tit. 46 § 31101 until the issue of

state-action of immunity is resolved by the Court. (Doc. 23-3 at pp. 8-9). It further claims that granting the stay will benefit Louisiana and its citizens by ensuring that Louisiana laws and regulations are appropriately enforced. (*Id.* at p. 9). The Board further argues that should the Court deny the stay, the principles of federalism that underlie the purpose of state-action sovereignty would be eroded, and would negatively impact Louisiana's ability to regulate its own markets, to the determent of its citizens. (*Id.* at p. 9).

The Court agrees that no substantial injury to the public or other parties would result if this matter is stayed. Also, the Court recognizes that an unnecessary trial would hamper State officials' efforts to conduct the normal daily responsibilities of their offices, to the detriment of the State. The Court further finds that the arguments presented by the Board concerning the public interests in granting the stay are valid. Petitioner has established the third and fourth *Hilton* factors.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Petitioner's **Motion to Stay Administrative Proceedings (Doc. 9-1 at p. 1)** is **GRANTED**.

**IT IS FURTHER ORDERED** that all pending activity in the matter captioned *In the Matter of the Louisiana Real Estate Appraisers Board*, Dkt. No. 9374 (F.T.C.) is hereby **STAYED** until further order of this Court.

Baton Rouge, Louisiana, this 29th day of July, 2019.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**