## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**LOUISIANA REAL ESTATE**                                    CIVIL ACTION
**APPRAISERS BOARD**

**VERSUS**

**UNITED STATES FEDERAL**                       NO.:19-CV-00214-BAJ-RLB
**TRADE COMMISSION**

### RULING AND ORDER

Before the Court is Defendant's **Motion to Dismiss (Doc. 24)**.  Plaintiff opposes this motion.  (Doc. 42).  For the reasons stated herein, Defendant's motion is **DENIED WITHOUT PREJUDICE**.

I.    BACKGROUND

This matter arises from allegations that the United States Federal Trade Commission ("FTC" or "Defendant") is unlawfully attempting to force the Louisiana Real Estate Appraisers Board ("Board" or "Plaintiff") to undergo federal antitrust enforcement proceedings.  (Doc. 1 at ¶ 1). The Board is a state governmental regulatory agency empowered to regulate appraisal management companies which secure appraisals that support residential mortgage transactions. *See* La. Stat. Ann. § 37:3394, *et seq*.  (Doc. 9-1 at p. 3).  The Board is also empowered to collect "customary and reasonable" fees for the agents of mortgage lenders.  (*Id.*).

On or about May 30, 2017, the FTC filed an administrative complaint against the Board, alleging that setting certain "customary and reasonable" fees for mortgage lenders' agents violated certain federal antitrust rules (Doc. 1 at ¶ 4).  In particular,

the FTC alleges that the Board is controlled by active market participants, not the state, and that the manner in which fees are set results in unlawful price fixing. (*Id.* at ¶ 38). In response to the complaint, the Governor's Office issued Executive Order 17-16, which re-promulgated the manner in which fees are fixed.[1] The Board moved for a dismissal of the administrative complaint based on its assertion that the alleged impropriety identified by the FTC had been rectified. (*Id.* at ¶ 54). The Board claimed that all branches of Louisiana government accepted a supervisory role and "political accountability" for the alleged anti-competitive practices cited by the FTC, as required under *N.C. S. Bd. of Dental Exam'rs v FTC*, 135 S.Ct. 1101, 1111 (2015), and that it is therefore entitled to be relieved from participation in the administrative proceedings on the basis of the "state-action immunity" defense. (*Id.*). State-action immunity from suit is applicable when a state establishes that anticompetitive conduct is created, overseen, and guided by the state, without the influence or control of parties who have not been conferred regulatory powers by the state. *F.T.C. v. Phoebe Putney Health Sys., Inc.*, 568 U.S. 216, 225 (2013). To qualify for state-action immunity, a state must establish that the anticompetitive act is a clearly articulated state policy, and that such activity is actively supervised by the state.[2] (*Id.*).

On April 10, 2018, the FTC issued an order ("FTC Order") rejecting the Board's state-action immunity defense. (Doc. 1 at ¶ 6). On April 11, 2018, the Board filed a

---

[1] La. Admin. Code tit. 46 § 31101.

[2] "Maintaining state-action immunity from administrative proceedings requires more than a mere facade of state involvement, for it is necessary . . . to ensure the States accept political accountability for anticompetitive conduct they permit and control." *N. Carolina State Bd. of Dental Examiners v. F.T.C.*, 135 S. Ct. 1101, 1111 (2015).

lawsuit requesting that the Court set aside the FTC Order on the grounds that it was issued in an arbitrary and capricious manner. (*Id.* at ¶ 9).

On April 19, 2018, the Board filed a petition for review of the FTC Order before the United States Court of Appeals for the Fifth Circuit, claiming that the FTC Order was an appealable collateral order under the FTC Act.[3]  (Doc. 9-1 at p. 6).  The Fifth Circuit found that the FTC Act did not allow direct appeals from collateral orders. (*Id.* at p. 7).  The Fifth Circuit opined that the "final agency action" language of the Administrative Procedure Act ("APA")[4] may allow a district court to review the FTC Order prior to the final administrative adjudication of the action. *Louisiana Real Estate Appraisers Bd. v. Fed. Trade Comm'n*, 917 F.3d 389, n.3 (5th Cir. 2019). Following the Fifth Circuit ruling, the Board moved for rehearing *en banc*, and urged the FTC to stay its administrative proceeding pending a resolution of the petition. (Doc 9-1 at p. 9).  The Fifth Circuit denied rehearing, and the FTC denied Petitioner's request to stay the administrative proceedings. (*Id.*).  The Board then sought relief in this Court under the APA to stay the FTC administrative proceedings until such time as the Court completed a review of the merits of the FTC Order. (*Id.* at p. 3). The Court granted the Board's motion to stay. (Doc. 32).  The FTC has appealed the Court's order to the Fifth Circuit. (Doc. 37).

---

[3] 15 U.S.C. § 45 provides that "[a]ny person, partnership, or corporation required by an order of the [Federal Trade] Commission to cease and desist from using any method of competition or act or practice may obtain a review of such order in the court of appeals of the United States."

[4] 5 U.S.C. § 551, *et seq.*

3

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Products Liab. Litig*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).  In determining its jurisdiction, the Court may consider "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Carroll v. Abide*, 788 F.3d 502, 504 (5th Cir. 2015) (citation omitted).

## III.    DISCUSSION

### A. Administrative Procedure Act

The APA provides:

[a]gency action[s] made reviewable by statute[,] and final agency action[s] for which there is no other adequate remedy in a court[,] are subject to judicial review.  A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review [only] on the review of the final agency action.

5 U.S.C. § 704.

Thus, under normal circumstances, agency actions are only reviewable at such time as the agency action is finalized.  (*Id.*).  However, the Supreme Court has recognized a narrow exception under the APA for the review of administrative decisions which have not yet been made final but for which justice requires interlocutory review.  *See Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949).  This narrow

exception allows collateral reviews of administrative orders that (1) conclusively determine the disputed question, (2) resolve an important issue separate from the merits of the action, and (3) are effectively unreviewable on appeal from a final judgment. (*Id.*).

When this matter was reviewed by the Fifth Circuit, that Court left the door open for Plaintiff to bring a claim in the district court by appealing the FTC Order under the APA. *Louisiana Real Estate Appraisers Bd.*, 917 F.3d at n.3. The FTC now claims that this Court does not have jurisdiction because Congress vested exclusive jurisdiction over review of cease-and-desist orders in the Courts of Appeal. (Doc. 24-1 at p. 1). In the alternative, the FTC argues that this Court lacks jurisdiction under the APA because the FTC Order was not a "final agency action." *Id.*

The FTC raised identical arguments in its opposition to the Board's motion to stay. (Doc. 22-3 at p. 1). In its ruling on the motion to stay, the Court found that, while Congress does vest exclusive jurisdiction over review of cease-and-desist orders in the Courts of Appeal, the APA does not limit a district court's jurisdiction to "cease and desist" orders. (Doc. 32 at p. 6). Rather, the Act allows challenges to "agency action[s] made reviewable by statute and final agency action[s] for which there is no other adequate remedy [. . .]" (*Id.* (citing 5 U.S.C. § 704)). The Court proceeded to an analysis of whether the challenged agency action met the test set forth in *Cohen*. (*Id.* at pp. 6-7). The Court found that the Board established all three *Cohen* factors. (*Id.* at pp. 7-8). Thus, the FTC's motion to dismiss must be denied because the Court has already determined that the Board has satisfied the jurisdictional prerequisites.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Dismiss (Doc. 24)** is **DENIED WITHOUT PREJUDICE**.  Defendant may refile the motion should the Fifth Circuit reverse this Court's ruling on the Board's motion to stay (Doc. 32).


Baton Rouge, Louisiana, this 7th day of February, 2020.


**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**