UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUISIANA REAL ESTATE APPRAISERS BOARD** | **CIVIL ACTION** |
| **VERSUS** | |
| **UNITED STATES FEDERAL TRADE COMMISSION** | **NO. 19-214-BAJ-RLB** |

# ORDER

Before the Court is Defendant's Emergency Motion for Leave to Perpetuate Testimony, or, In the Alternative, to Temporarily Lift Stay to Permit Deposition *De Bene Esse*. (R. Doc. 58). The motion is opposed. (R. Doc. 61). Defendant filed a reply. (R. Doc. 68). Plaintiff filed a Surreply. (R. Docs. 69-1, 70).

**I.    Background**

This matter arises from allegations that the United States Federal Trade Commission ("FTC" or "Defendant") is unlawfully attempting to force the Louisiana Real Estate Appraisers Board ("Board" or "Petitioner") to undergo federal antitrust enforcement proceedings. (R. Doc. 1). The Board brings this action under the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.* ("APA"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02 ("DJA"). The Board seeks an order declaring that it has state-action immunity from the antitrust laws and further directing the FTC to dismiss the administrative complaint.

On July 29, 2019, the district judge stayed the FTC's administrative proceeding pending resolution of the instant APA action. (R. Doc. 32).[1] The FTC has appealed the district judge's ruling. (R. Docs. 37, 48).

---

[1] *Louisiana Real Estate Appraisers Bd. v. United States Fed. Trade Comm'n*, No. 19-214, 2019 WL 3412162, at *2 (M.D. La. July 29, 2019); *see In re Louisiana Real Estate Appraisers Board*, No. 9374, 2019 WL 3714449, at *1 (F.T.C. Aug. 5, 2019).

On March 13, 2020, the FTC filed the instant motion. (R. Doc. 58). The FTC represents that its expert economist, Dr. Antara Dutta, will be leaving the FTC for private employment on April 24, 2020. The FTC further represents that Dr. Dutta has prepared an expert report and rebuttal report in the administrative proceeding, but expert depositions were not completed prior to the issuance of the stay. In an attached declaration, Dr. Dutta states that "serving as a testifying expert for an external party would be incompatible with [her] new job responsibilities" and, therefore, she is "unavailable to serve as an expert for the FTC after April 24, 2020." (R. Doc. 58-2). The FTC argues that the Court should permit depositions to perpetuate Dr. Dutta's testimony under Rule 27(b) of the Federal Rules of Civil Procedure while Dr. Dutta is stilled employed by the FTC because preserving her testimony would serve the interests of justice. In the alternative, the FTC seeks an order temporarily lifting the stay of the administrative proceeding for the limited purpose of allowing Dr. Dutta's depositions to be taken in the context of the administrative proceeding. The FTC requests that the Court order a "discovery" deposition to take place during the week of April 13, 2020 in Washington, D.C., and a "trial" deposition to take place during the week of April 20, 2020, in Washington, D.C.

The Board opposes the relief sought. (R. Doc. 61). The Board argues that Rule 27(b) does not apply because the Court has not rendered a judgment and the FTC has not otherwise demonstrated any injustice would result from denying the motion. In particular, the Board argues that the FTC has several other on-staff antitrust economists who could present expert opinions in place of Dr. Dutta. Among other things, the Board also argues that the Court should not lift the stay for the purposes of the depositions because it lacks subject matter jurisdiction to do so and Dr. Dutta's unavailability as an expert does not counterbalance the equitable factors supporting the stay of the administrative proceeding.

**II.     Law and Analysis**

   **A.     Rule 27(b)**

Rule 27(b) provides that a court may authorize depositions to perpetuate testimony pending an appeal. In particular, the rule provides that "[t]he court where a judgment has been rendered may, if an appeal has been taken or may still be taken, permit a party to depose witnesses to perpetuate their testimony for use in the event of further proceedings in that court." Fed. R. Civ. P 27(b)(1). A motion to perpetuate testimony must show "the name, address, and expected substance of the testimony of each deponent" and "the reasons for perpetuating the testimony." Fed. R. Civ. P 27(b)(2).[2] The Court may permit such depositions to "prevent a failure or delay of justice." Fed. R. Civ. P. 27(b)(3).

Having considered the record and the arguments of the parties, the Court will not authorize a deposition to perpetuate Dr. Dutta's testimony during the FTC's interlocutory appeal of the ruling staying the administrative proceeding. Foremost, Rule 27(b) only applies where a final judgment has been rendered. *See Shore v. Acands, Inc.*, 644 F.2d 386, 389 (5th Cir. 1981) ("It is beyond argument that the language of Rule 27(b) anticipates the filing of a motion or petition and the service of notice thereof after rendition of a judgment."). No judgment has been entered in this action under Rule 58. Accordingly, Rule 27(b) is inapplicable.

Moreover, the FTC does not demonstrate how Dr. Dutta's expert testimony would be used in any further proceedings in this Court. The FTC does not argue, much less demonstrate, that Dr. Dutta's testimony as an expert economist is relevant to the claims and defenses in this APA action. *See* Fed. R. Civ. P. 26(b)(1) (defining the general scope of discovery).[3] While the

---

[2] These requirements are satisfied by an attached declaration by the FTC's counsel. (R. Doc. 58-3).
[3] The FTC states that "Dr. Dutta will provide expert economic analysis of the Board's actions, including opinions establishing market definition, market power, anticompetitive harm resulting from the Board's action, and the absence of precompetitive jurisdiction." (R. Doc. 58-1). It does not appear that this testimony is relevant to whether the Board has state-action immunity from the antitrust laws.

Court recognizes that the administrative proceeding has been stayed in light of this APA action, the testimony sought does not appear to be destined for use in this Court and, therefore, falls outside of the scope of Rule 27(b). *See Canal Barge Co. v. Gulfstream Trading, Ltd.*, No. 97-2674, 1999 WL 1277539, at *2 (E.D. La. Dec. 22, 1999). Indeed, the FTC's alternative argument, which seeks an order providing a limited lift of the stay for the purposes of allowing Dr. Dutta to be deposed in the context of the administrative proceeding, underscores that the deposition is truly related to the administrative proceeding, not the APA action pending before this Court and on appeal.[4]

Even assuming that Rule 27(b) is applicable in this action, the Court, in exercising its discretion, concludes that perpetuating Dr. Dutta's testimony is unnecessary to prevent a failure or delay of justice. Dr. Dutta is an expert witness, not a fact witness. While Rule 27(b) is not limited to depositions to perpetuate fact testimony, the unavailability of a particular expert witness does not raise the same issues as the unavailability of a fact witness. *See Cater-Wallace, Inc. v. Otte*, 474 F.2d 529, 536-37 (2d Cir. 1972) ("[E]ven if one particular expert is unavailable . . . there will usually be other experts available to give similar testimony."). The FTC does not direct the Court to a single decision in which a district court issued an order to perpetuate an expert witness's testimony under Rule 27(b). The FTC has also not convinced the Court that all of its other economists are unavailable or unqualified to serve as an expert in the administrative

---

[4] In support of its assertion that "courts may perpetuate testimony for use in administrative proceedings," the FTC relies primarily on *In re Application of Checkosky*, 142 F.R.D. 4 (D.D.C. 1992). (R. Doc. 58-1 at 3; R. Doc. 68 at 2-3). In that decision, the court found that it had jurisdiction to entertain relief under a Rule 27(a) petition because there was "sufficient likelihood that petitioners' administrative action will be reviewed in the Court of Appeals," which is a court of the United States. *Checkosky*, 142 F.R.D. at 6. Rule 27(a) provides that "[a] person who wants to perpetuate testimony about any matter *cognizable in a United States court* may file a verified petition in the district court for the district where any expected adverse party resides." Fed. R. Civ. P. 27(a)(1) (emphasis added). In contrast, relief under Rule 27(b) appears to be limited to where the testimony is obtained "for further proceedings" in the court from which an appeal is taken. Fed. R. Civ. P. 27(b)(1) (pertaining to a Court where judgment has been rendered and from which an appeal has been taken, to perpetuate testimony "for use in the event of further proceedings **in that court**.") (emphasis added).

proceeding. If it does not staff another available and qualified economist, the FTC may hire one from the private sector. While this would result in the expenditure of costs, it would not result in a failure or delay of justice.[5] Furthermore, any new expert would have the benefit of Dr. Dutta's analysis and would not need to duplicate all of her efforts.

Finally, the Board raises important concerns with respect to the logistics of taking Dr. Dutta's depositions prior to her departure from the FTC in light of the current COVID-19 pandemic. To be clear, Washington, D.C., Virginia, Maryland, and Louisiana are all subject to stay-at-home orders banning non-essential travel during the time period in which the FTC is seeking to schedule the depositions. *See* Washington, D.C. Mayor's Order No. 2020-054 (signed Mar. 30, 2020; effective April 1, 2020 through April 24, 2020); Virginia Governor's Executive Order No. 55 (signed Mar. 30, 2020; effective April 1, 2020 through June 10, 2020); Maryland Governor's Order No. 20-03-30-01 (signed Mar. 30, 2020; effective Mar. 30, 2020 with no end date); Louisiana Governor's Proclamation No. 33 JBE 2020 (signed April 2, 2020; effective April 2, 2020 through April 30, 2020).[6] The FTC asks the Court to "leave the details" of the depositions to the parties without any argument that the deposition would qualify as essential activity allowing for travel for an in-person deposition. (R. Doc. 68 at 1). It also does not appear that the Board will stipulate for the depositions to be taken by telephone, videoconference, or other means. (*See* R. Doc. 61 at 12). The FTC does not seek, and the Court finds no basis to

---

[5] Indeed, it appears that the FTC has asked Dr. Dutta to provide expert testimony as a paid consultant after she leaves the FTC, and Dr. Dutta has turned down that offer in light of a conflict with her new employer. The FTC would have to incur costs in hiring an outside expert regardless of whether that individual is Dr. Dutta or some other economist. That the FTC is expending significant time and resources seeking an order to perpetuate the testimony of Dr. Dutta may be a testament to her particular qualifications. Nevertheless, the FTC is not without options with respect to securing a new expert witness. The FTC will have sufficient time to locate and secure a qualified replacement expert witness while the administrative proceeding is stayed.

[6] While the FTC suggests that the depositions would take place in Washington, D.C., it is unclear where the individuals who would participate in an in-person deposition – including Dr. Dutta, counsel, party representatives, the court reporter, and the videographer – reside for the purposes of the stay-at-home orders.

5

order, that any depositions be taken by telephone or other remote means under Rule 30(b)(4) of the Federal Rules of Civil Procedure.

For the foregoing reasons, the Court denies the FTC's motion for leave to perpetuate Dr. Dutta's deposition testimony under Rule 27(b)(2) of the Federal Rules of Civil Procedure.

**B.      Temporary Lift of Stay**

In the alternative, the FTC seeks an order temporarily lifting the stay of the administrative proceeding for the purposes of taking *de bene esse* depositions of Dr. Dutta.

The Court need not determine whether the sought *de bene esse* depositions should be allowed under either the Federal Rules of Civil Procedure or the FTC's Rules of Practice for Adjudicative Proceedings.[7]  That is because the Court lacks jurisdiction to lift the stay and otherwise concludes that even a temporary lift of the stay would be inappropriate for the purpose of allowing such depositions.

Foremost, a lift of the stay would be an improper exercise of this Court jurisdiction while the very issue of whether the stay is proper is on appeal.  "When one aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case." *Dayton Indep. Sch. Dist. v. U.S. Mineral Prod. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990) (citing *Coastal Corp. v. Texas E. Corp.*, 869 F.2d 817, 820-21 (5th Cir. 1989));

---

[7] As the FTC is seeking a lift of the stay for the purpose of taking the depositions in the context of the administrative proceedings, it appears that the FTC's Rules of Practice for Adjudicative Proceedings, 16 C.F.R. Part 3, are applicable for determining whether such depositions would ultimately be allowed in the administrative proceeding. The FTC does not reference these rules in its briefing.  The Court notes that whether the concept of *de bene esse* depositions have a place within the current Federal Rules of Civil Procedure is questionable. *See Layton v. Mentor Worldwide LLC*, No. 16-161, 2016 WL 9136965, at *1 (N.D. Fla. Oct. 19, 2016) ("When the Federal Rules of Civil Procedure were amended years ago, the concept of *de bene esse* depositions was abrogated so that the Rules now only contemplate depositions (whether to preserve trial testimony or to obtain discoverable information).") (citing *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358 (11th Cir. 2002)).  *De bene esse* depositions are essentially depositions to be used at trial in place of live testimony as allowed by Federal Rule of Civil Procedure 32(a)(4). *See Crumb v. Stane*, No. 17-1471, 2019 WL 1508059, at *2 (E.D. Cal. Apr. 5, 2019).  Rule 32(a)(4) provides, in pertinent part, that "[a] party may use for any purpose the deposition of a witness, whether or not a party, if the court finds . . . on motion and notice, that exceptional circumstances make it desirable--in the interest of justice and with due regard to the importance of live testimony in open court--to permit the deposition to be used." Fed. R. Civ. P. 32(a)(4)(E).

*see also Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

The FTC's interlocutory appeal of the stay of the administrative proceeding pursuant to 28 U.S.C. § 1292(a)(1) seeks relief with respect to what is essentially an injunction prohibiting further action in the administrative proceeding. *See Hamilton v. Robertson*, 854 F.2d 740, 741 (5th Cir. 1988) ("We have long recognized a clean distinction between injunctions prohibiting proceedings in other courts, which are appealable, and orders, whether or not styled "injunctions," that control proceedings only in the court that issues the order."). The powers of a district court over an injunction pending appeal is limited to maintaining the status quo. *Coastal Corp. v. Texas E. Corp.*, 869 F.2d 817, 820 (5th Cir. 1989).

Even assuming that the Court may properly exercise jurisdiction by temporarily lifting the stay for the limited purpose of allowing the sought depositions to maintain the status quo in the administrative proceeding, the FTC has not submitted a proper basis for lifting the stay. In granting the Board's motion to stay the administrative proceeding, the district judged considered "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits, (2) whether the applicant will be irreparably injured absent a stay, (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding, and (4) where the public interest lies." *Louisiana Real Estate Appraisers Bd.*, 2019 WL 3412162, at *2 (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). Given that even a temporary lift of the stay of administrative proceeding "may cause irreparable harm by forcing the State to engage in activities from which it might otherwise be protected," the stay should remain in place even if the Court has jurisdiction to temporarily lift it. *See Louisiana Real Estate Appraisers Bd.*, 2019

7

WL 3412162, at *4. The potential harm to the FTC, which is ultimately a matter of locating a new expert witness, does not counterbalance the district judge's rational for emplacing a full stay of the administrative proceeding.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendant's Emergency Motion for Leave to Perpetuate Testimony, or, In the Alternative, to Temporarily Lift Stay to Permit Deposition *De Bene Esse* (R. Doc. 58) is **DENIED**.

Signed in Baton Rouge, Louisiana, on April 9, 2020.

                                      **RICHARD L. BOURGEOIS, JR.**
                                      **UNITED STATES MAGISTRATE JUDGE**